**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANGEL CREMADELLY,                    :
                                     :    Civil Action No. 08-5627 (NLH)
                Plaintiff,           :
                                     :
        v.                           :         **O P I N I O N**
                                     :
ACPD OFC. PAUL A.                    :
ARISTIZABAL, et al.,                 :
                                     :
                Defendants.          :

**APPEARANCES:**

Angel Cremadelly, Pro Se
#166339
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**HILLMAN**, District Judge

    Plaintiff, Angel Cremadelly, currently confined at the

Atlantic County Justice Facility, Mays Landing, New Jersey,

brings this civil action in forma pauperis, pursuant to 28 U.S.C.

§ 1915.  Plaintiff seeks relief for violations of his

constitutional rights under 42 U.S.C. § 1983.  The Court has

reviewed Plaintiff's claims, as required under 28 U.S.C. §§

1915(e)(2) and 1915A(b)(1), and concludes that the action should

be dismissed for failure to state a claim upon which relief may

be granted.[1]

_____

    [1]  Plaintiff's request to proceed in forma pauperis was
denied by Order of this Court on November 25, 2008, and his case

## BACKGROUND[2]

Plaintiff states that on August 6, 2008, he was sitting in his house and heard a noise in the hallway.  He saw people pushing "Chino" to the wall, and heard someone say his name. Atlantic City Police Officers asked him "where's the gun?" Plaintiff was grabbed and pushed against the wall and again asked "where's the gun?"  Plaintiff was taken outside of his house for about twenty minutes, and the police told him that they found a gun.

Plaintiff was walked a half a block in his underwear and was put into a police car, taken to the police station, and placed in a cell where he was handcuffed for three hours.  At the station, defendant Aristizabal, with two other officers, came into his cell.  Detective Aristizabal gave him two papers to sign: a "TRO" and a consent to search his house.  Plaintiff signed the TRO but refused to sign the consent to search.  Shackles were put on Plaintiff's feet and he was moved to another cell.  Plaintiff opined that he was moved to another cell because the other cell's

---

was administratively terminated.  Plaintiff filed a complete, certified, in forma pauperis application on March 30, 2009.  On May 20, 2009, this case was reopened.

[2]  These facts are taken from Plaintiff's Original Complaint, filed on November 18, 2008 (docket entry 1), and Plaintiff's Amended Complaint, filed on March 30, 2009 (docket entry 6).

camera did not work.  He states that he was "abused verbally, mentally, and [he] feared for his life."

Plaintiff states that his personal property was taken from his house, including: over $1000 dollars, his television, and his computer.

Plaintiff names the following defendants: Detective Paul Aristizabal, mentioned above; Sgt. Daniel Cohen of Internal Affairs, for agreeing that the search of his house and seizure of items was justified; Sgt. Angelo Maimone, because he was the first person to enter Plaintiff's house, because he "touched [Plaintiff's] shorts," because he did not show Plaintiff any warrant or any other document, because he is the supervisor and responsible for property being taken, and because he lied under oath; Detective Douglas Brown, because he was part of the search; Parole Officer James Stephens, because he went to Plaintiff's house after Plaintiff's arrest and searched; and Officer Joe Martin, because he told the officers Plaintiff's name, and because he was outside with Plaintiff while officers searched his home but the report says that he was inside the house.

Plaintiff asks this Court to help him regain his dignity, and to help him retrieve his property.

## ANALYSIS

### A.   Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled

4

allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47,  (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish

factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.    42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   **Plaintiff Fails to State a Claim.**

In this case, liberally construing the complaint, Plaintiff asserts that his right to be free from unlawful searches and seizures, pursuant to the Fourth Amendment, has been violated.

However, to the extent that there is an ongoing, pending state criminal proceeding, Plaintiff must raise any constitutional challenges he has with respect to the state criminal charges in his state court criminal case.  A federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, Plaintiff's criminal trial is apparently pending; thus, state proceedings implicating important state interests are ongoing and

7

Plaintiff has the opportunity to raise his federal search and seizure claims in that proceeding.  Accordingly, this Court is constrained by Younger to dismiss Plaintiff's application to declare his constitutional rights violated and return his property.

Further, if Plaintiff is eventually convicted of the alleged charges in his now-pending state criminal trial, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Finally, property loss caused by the intentional acts of government officials does not give rise to a procedural due process claim under § 1983 where a post-deprivation remedy satisfying minimum procedural due process requirements is available under State law.  See Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)); see also Zinermon v. Burch, 494 U.S. 113, 115 (1990); Hudson v. Palmer, 468 U.S. 517 (1984); Holman v. Hilton, 712 F.2d 854, 856 (3d Cir. 1983).  The New Jersey Tort Claims Act ("NJTCA"), N.J. STAT. ANN. § 59:1-1, et seq., provides a post-deprivation judicial remedy to persons who believe they were deprived of property at the hands of the State

or local government.  In this case, Plaintiff's recourse after his personal property was confiscated would be a common-law tort action against the defendants under the New Jersey Tort Claims Act, N.J. STAT. ANN. §§ 59:1-1, et seq.  Plaintiff does not indicate that he attempted to file a claim pursuant to the New Jersey Tort Claims Act.

Thus, Plaintiff's allegations as to the unlawful search and seizure are premature at this point, under Younger and Preiser. Plaintiff's request for return of his property fails to state a claim upon which relief would be granted.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's complaint shall be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.[3]  An appropriate order follows.


/s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

Dated: July 29, 2009
At Camden, New Jersey

---

[3] This Court also finds that Plaintiff's bald assertion that he was "abused verbally, mentally, and [he] feared for his life," is not sufficient to state a violation of the Eighth or Fourteenth Amendment for excessive force.  However, Plaintiff may move to reopen this case to assert facts alleging an excessive force claim, or to address any other deficiencies of his complaint, as set forth in this Opinion.

9